WILLIAM SOHIER *vs.* RUFUS EASTERBROOK.

Under a submission to arbitrators of certain specified claims for damages, and also of any and all questions growing out of a suit by one of the parties against a third person, in which the parties were interested, an award sufficiently shows that all the matters included in the submission were considered and determined, which recites that the arbitrators "duly considered the subject matter of the submission," and "heard the parties and considered the whole case," and that they decide that one party shall pay to the other a certain sum, and that nothing is due from the latter to the former, and that the sum so awarded "is in full of all matters by said submission referred."

CONTRACT to recover the amount of an award. A trial by jury was waived in the superior court, and the case was heard by *Brigham*, J., who found the following facts:

The parties submitted to three arbitrators claims of the plaintiff against the defendant, for the taking and carrying away of certain articles of personal property, together with the damages to and loss of rent of a building, caused by the removal of the articles, " and any and all questions growing out of a suit brought by said Easterbrook against Erastus W. Sanborn, deputy sheriff, in which the parties are interested, and all costs of reference : " with an agreement that the award of the arbitrators, or the major part of them, should be final. The award, signed by two of the arbitrators, recited that they, having together with the other arbitrator " duly considered the subject matter of said submission, and having notified and heard the parties, and considered the whole case, and their respective proofs, facts, allegations, agreements and evidence, and complied with all the requisitions in this behalf of said submission and agreement," did, as the major part of the arbitrators, the other arbitrator having declined to agree to the award, though present and invited to do so, award and decide " that Rufus Easterbrook shall pay to said William Sohier the sum of twenty-four hundred and ninety dollars, and that the costs of all the arbitrators, taxed at five hundred and fifty dollars, in addition to the abovementioned sum, shall be paid by the said Rufus Easterbrook," and that " nothing is due to said Easterbrook from the said Sohier for or on account of any claim, matter or thing embraced in said submission and agreement ; and that this aforesaid sum, to be paid as aforesaid by said Easterbrook to said Sohier, is in full of all matters to us by said submission referred."

It appeared that no suit had been brought by Easterbrook against Erastus W. Sanborn, in which the parties were interested ; but evidence was offered before the arbitrators on the part of the plaintiff and of the defendant in relation to an action of Easterbrook against Francis O. Irish, another deputy sheriff, which it was agreed was the suit referred to in the submission, and the evidence thus offered was argued by the respective counsel. The judge ruled, upon these facts, that the plaintiff was entitled to judgment on the award; and the defendant alleged exceptions.

*J. G. Abbott,* for the defendant. The suit was not settled by the award. The defendant may prosecute it, and the plaintiff may defend against it. The question of costs of that suit is not decided. The award does not attempt to deal with the suit in any manner, and therefore does not cover all the matters submitted.

*D. Thaxter & F. Bartlett,* for the plaintiff.

MERRICK, J. The defendant objects that the award upon which this action is brought is invalid, because the arbitrators did not consider and determine the " questions growing out of a suit brought by said Easterbrook against Erastus W. Sanborn, deputy sheriff, in which the parties were interested," which was one of the matters embraced in the agreement of submission.

But in their award the arbitrators say that they " duly considered the subject matter of said submission;" that they heard the parties and " considered the whole case, and their respective proofs, facts, allegations, agreements and evidence;" and " award that nothing is due to said Easterbrook from the said Sohier for or on account of any claim, matter or thing embraced in said submission and agreement," and that the " sum to be paid as aforesaid by said Easterbrook to said Sohier is in full of all matters to us by said submission referred." The record therefore shows that the whole matter referred by the agreement of submission was considered and determined by the arbitrators And considered only in reference to the record, it is apparent that the objection to the validity of the award made by the defendant cannot be sustained.

But it appears from the statements in the bill of exceptions that there never was in fact any suit in favor of Easterbrook against Sanborn, in which the parties to the submission had any interest. And at the hearing before the arbitrators it was agreed by them that the suit referred to and described as " a suit brought by said Easterbrook against Erastus W. Sanborn " was in fact the suit of Easterbrook against Irish, and was so understood and intended by them. And accordingly evidence relative to that suit was offered to the arbitrators both on the part of the plaintiff and of the defendant, and it was argued

by the counsel of the respective parties without any objection to its competency, or any suggestion that it was inapplicable to the matters embraced in the submission. There was, therefore, a mere misdescription, by which no one was misled or embarrassed. The parties were fully heard upon the questions growing out of the suit which was really the subject of reference; they were considered by the arbitrators, whose decision of them was embraced in and made a part of their award. The ruling of the court, therefore, holding that upon the facts proved upon the trial in this case, and upon the terms of the award, the arbitrators did make their award upon all questions in which the parties were interested growing out of the suit named and described in the submission, was correct. In whatever aspect the case is considered, there can be no doubt that upon all the matters in controversy between the parties which were submitted or intended to be submitted to the arbitrators, there was a full hearing and investigation before and a final determination made by them. The defendant, therefore, has no just cause of complaint or objection in matters of law to the ruling of the court, and his exceptions must be overruled.